UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.R.L., a minor, by and through his Mother, and next friend, CRYSTAL DAWN LEE and CRYSTAL DAWN LEE and ROBERT LEE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 2:08CV00037 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kirksville Missouri Hospital Company, LLC d/b/a Northeast Regional Medical Center's ("NERMC") Motion for a More Definite Statement of Plaintiffs' Complaint (Doc. No. 7). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs filed a four-count Complaint ("Complaint" or "Compl.") alleging claims for medical negligence against defendants the United States of America and NERMC. (Doc. No. 1). Defendant NERMC is a limited liability company, engaged in the business of providing hospital services in the County of Adair, State of Missouri. (Compl., ¶ 5). Plaintiff has alleged that NERMC is vicariously liable for the negligence of its employee/agent Dr. Ralph Boling. (Compl. ¶¶ 29-34). This Court has jurisdiction pursuant to 28 U.S.C. 1346(b) because Plaintiffs have alleged claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§2671, et. seq.

As stated above, Defendant filed the instant Motion for a More Definite Statement of Plaintiffs' Complaint (Doc. No. 7) on or around September 17, 2008.

## STANDARD FOR MOTION TO FOR A MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) provides that a party is excused from filing an answer if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement, pursuant to FED.R.CIV.P. 12(e), "is proper when a party is unable to determine the issues he must meet." United States v. Zerjav, No. 4:08CV00207, 2008 U.S. Dist. LEXIS 47011, *3 (E.D. Mo. Jun. 18, 2008) (citing Tinder v. Lewis County Nursing Home Dist., 207 F.Supp.2d 951, 959 (E. D. Mo. 2001)). Motions for a more definite statement are rarely granted in light of the liberal notice pleading standard of FED.R.CIV.P. 8 and the liberal discovery available to both sides. Zerjav, 2008 U.S. Dist. LEXIS 47011, at *3 (citing Lemp v. Ocwen Loan Servicing, LLC, No. 8:08CV35, 2008 U.S. Dist. LEXIS 42849, *2 (D. Neb. 2008)); see also Leonard v. BASF Corp., No. 2:06CV00033, 2006 U.S. Dist. LEXIS 89734, *5 (E.D. Mo. Dec. 12, 2006) ("This is a stringent standard, which, in light of the liberal notice pleading standards of the federal rules, is rarely met."); Fed. R. Civ. P. 8(a)(2) (the notice pleading standard articulated in Rule 8, requires only "a short plain statement of the claim showing that the pleader is entitled to relief"). "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." NEXTEP, LLC v. Kaba Benzing Am., Inc., No. 4:07CV1107, 2007 U.S. Dist. LEXIS 87764, *8 (E.D. Mo. Nov. 29, 2007) (citing Resolution Trust Corp. v. Gershman, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993)).

## DISCUSSION

In its Motion for a More Definite Statement, Defendant NERMC's primary basis for relief is as follows:

> Plaintiffs allege that NERMC is vicariously liable for the actions of Dr. Ralph Boling and allege negligence by NERMC. However, Dr. Boling was an employee of Northeast Missouri Health Council and thus a federal employee. Dr. Boling was not

an employee of NERMC; and therefore, plaintiffs' Complaint is vague and ambiguous as to its theory of liability against NERMC.

(NERMC's Memorandum in Support, Doc. No. 8, pp. 1-2).

It is clear to the Court that the Plaintiffs have alleged that Ralph Boling, D.O. was employed by the United States of America (Compl., ¶¶ 4, 18) or, in the alternative, that Ralph Boling, D.O., was employed by NERMC. (Compl., ¶¶ 6, 30, 31). As pointed out by the Plaintiffs, the Federal Rules of Civil Procedure permit pleading in the alternative and making inconsistent pleadings. See Plaintiffs' Memorandum in Opposition to Defendant Kirksville Missouri Hospital Company, LLC d/b/a Northeast Regional Medical Center's Motion for More Definite Statement of Plaintiffs' Complaint, Doc. No. 11, pp. 8-10; Garman v. Griffin, 666 F.2d 1156, 1157 n.1 (8th Cir. 1981); Tussey v. ABB, Inc., No. 06-04305, 2008 U.S. Dist. LEXIS 9806, *17 (W.D. Mo. Feb. 11, 2008). Given that the United States has admitted that Dr. Boling was its employee at the time of the allegedly negligent acts, whether Plaintiffs have alleged (or can allege) facts to support their claim that NERMC was Dr. Boling's employer is a separate question.[1] See Motion, p. 4, Exhibit A; Doc. No. 13. At this stage, Plaintiffs' Complaint has sufficiently alleged a claim for vicarious liability against NERMC and is not so unintelligible as to require a more definite statement. See Leonard, 2006 U.S. Dist. LEXIS 89734, *7.

Upon consideration, the Court will deny Defendant NERMC's Motion to for a More Definite Statement.

---

[1] Defendant NERMC's argument that Plaintiffs' claims against it fail because Dr. Boling was an employee of the United States would be more properly framed as a motion to dismiss or motion for summary judgment, neither of which are before this Court.

- 3 -

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant NERMC's Motion for a More Definite Statement of Plaintiffs' Complaint (Doc. No. 7) is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant NERMC shall file its answer to Plaintiff's Complaint no later than **October 20, 2008**.

Dated this 10th day of October, 2008.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE